## H. E. Pacey et al. v. Fred Troxel and John Hari, for use of Wanzer & Co.

1. SALES—*Demand for Property Sold.*—Where a contract required the delivery of corn and payment therefor on delivery, no demand for delivery or tender of the money was necessary, and if the purchaser was ready, able and willing to pay for the corn when delivered, he may maintain a suit for the breach of such contract.

Assumpsit, on a contract of sale. Appeal from the Circuit Court of Iroquois County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

C. H. PAYSON and NELLY B. KESSLER, attorneys for appellants.

FREE P. MORRIS and FRANK L. HOOPER, attorneys for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This case, in all its material facts, is the same as that of Brassel v. Troxel and Hari, for use of Wazner & Co., filed at the May term of this court and decided in opinion filed contemporaneously with the opinion in this case, except as to the amount of corn to be delivered, which was three thousand four hundred bushels, and the judgment was $340 against appellants, contractors to deliver the corn.

The points of law raised by appellants are the same as in the Brassel case, except it is claimed that no demand for delivery was made upon the appellant Pacey, or no tender made of the money for the corn. We hold the same in this

case as we held in that case, and refer to our opinion therein filed, for the reasons for our decision in this case.

As to the other point made herein, we think no demand or tender was necessary.

The contract required appellants to deliver the corn and appellees to pay for it on delivery, and one dollar to each of the appellants in addition to the forty cents per bushel.

All that the contract required, therefore, on the part of the appellees was to be ready, able an l willing to receive the corn when delivered or offered to be delivered; and, as no such offer of delivery was made, the appellants were clearly in default.

The judgment of the court below is therefore affirmed.